UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN CACCAMISE,<br><br>                                    Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A., et al.,<br><br>                                    Defendants. | Case No.:  18cv971-JLS(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT CREDIT ONE BANK, N.A.**<br><br>**[ECF No. 95]** |

Currently before the Court are Plaintiff's March 18, 2019 Motion to Compel [ECF No. 95-1 ("MTC")], Defendant Credit One Bank N.A.'s March 25, 2019 opposition [ECF No. 97 ("Oppo.")], and Plaintiff's March 29, 2019 Reply [ECF No. 104 ("Reply")].

<u>**COMPLAINT ALLEGATIONS**</u>

Plaintiff initiated the instant matter on May 16, 2018 when she filed a complaint for damages and injunctive relief for violations of the California Identity Theft Act ("CITA"), the Fair Debt Collection and Practices Act ("FDCPA"), the California Consumer Credit Reporting Agencies Act ("CCRAA"), and the Fair Credit Reporting Act ("FCRA").  ECF No. 1.  Plaintiff named several Defendants in her complaint including Credit One Bank, N.A., LVNV Funding, LLC, Monetary Management of California, Inc., Kohl's Department Stores, Inc., TD Bank USA, N.A., Bluestem Brands, Inc., WebBank, Inc., First Premier Bank, Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC.  <u>Id.</u>

Plaintiff's identity was stolen in 2017.  <u>Id.</u> at 2.  The thief, Jacqueline Rae Murphy aka Jackie Martinez, was arrested, charged, and convicted on felony counts of California Penal Code section 530.5.  <u>Id.</u>  After finding a Kohl's credit card and Credit One Visa with Plaintiff's name in Ms. Murphy's possession, the La Mesa Police Department contacted Plaintiff and informed her that she was the victim of identity theft.  <u>Id.</u>  Plaintiff immediately checked her credit and began disputing the numerous fraudulent accounts and credit inquiries that she found.  <u>Id.</u>  Plaintiff alleges Defendants failed to investigate Plaintiff's claims and have continued to pursue the debts and report derogatory information on her credit.  <u>Id.</u>

Plaintiff alleges that Defendant Credit One failed to take any steps to verify Plaintiff's identity before issuing a credit card to someone else in her name.  <u>Id.</u> at 10.  Plaintiff notes that Ms. Murphy is not the same age or race as her and had a different social security number, name, and signature.  <u>Id.</u>  Plaintiff alleges that Defendant Credit One "violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that CREDIT ONE knew or should have known was inaccurate and/or incomplete; and 15 U.S.C. § 1681b(f) by obtaining a consumer report without authorization or a permissible purpose."  <u>Id.</u> at 11.

As of the date of this order, the only remaining Defendants are LVNV Funding, LLC and Credit One Bank, N.A.  <u>See</u> Docket.

## RELEVANT DISCOVERY BACKGROUND

Discovery opened on August 31, 2018.  ECF No. 68.  Plaintiff served Defendants Credit One and LVNV with Requests for Production of Documents and Things ("RFP"), Sets One and Two on October 12, 2018.  MTC at 3; <u>see also</u> ECF No. 95-2 Declaration of Wayne A. Sinnett in Support of Plaintiff's Motion to Compel ("Sinnett Decl.") at Exhs. 1-2.  Both Defendants provided insufficient responses to the RFPs on December 27, 2018.  <u>Id.</u>  After meeting and conferring, Defendants supplemented their responses on February 28, 2019.  <u>Id.</u> ; <u>see also</u> Sinnett Decl. at Exh. 2.  Plaintiff believed that the supplemental responses of both Defendants were still insufficient and on March 8, 2019, counsel for Plaintiff, Crystal Innabi and Wayne Sinnett, and counsel for Defendants LVNV Funding, LLC and Credit One Bank, N.A., Ben Mohandesi, jointly contacted the Court regarding the dispute.  ECF No. 91.  On March 11, 2019, the Court issued

a briefing schedule for the dispute and the parties timely filed their motion and response. See MTC, Oppo., and Reply.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). If a party withholds discoverable information due to privilege, that party must "expressly make the claim; and [] describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R.

3

Civ. P. 26(b)(5)(A)(i-ii).

## DISCUSSION

Plaintiff seeks an order from the Court compelling Defendant Credit One to "produce unredacted documents pertaining to: (1) Defendant's lack of compliance with Rule 34(d); (2) Defendant's policies and procedures regarding credit reporting and identity theft; and (3) Defendant's reporting of information to credit bureaus regarding Plaintiff." MTC at 5.

### A.    Compliance with Fed. R. Civ. P. 34(d)

Plaintiff argues that Defendant Credit One's responses to RFP Nos. 1-72 are insufficient because they do not satisfy the requirements of Fed. R. Civ. P. 34(d).[1]  Id.  Specifically, Plaintiff claims the responses fail to state if documents were withheld pursuant to an objection or claim of privilege as required by Fed. R. Civ. P. 34(d).  Id.  In addition, Plaintiff argues that Defendant claimed privilege in the majority of its RFP responses but failed to state if documents were being withheld on the basis of the privilege or to provide a privilege log.  Id. at 5-6.  Plaintiff will consider this issue resolved if Defendant submits a

> single page, supplemental response, 'Defendant has produced all responsive documents within Defendant's possessions and control. Defendant has not withheld any documents on the basis of privilege, with the exception of those documents identified and described in Defendant's privilege log.'

Id. at 6.  Plaintiff argues that without this information, she is unable to adequately proceed in the litigation.  Id.

Defendant contends that many of Plaintiff's RFPs are duplicative and that it already has provided supplemental responses to the nonduplicative requests.  Oppo. at 4.  Defendant asserts that it has not withheld any documents based on privilege and in its supplemental responses referred Plaintiff to previously produced relevant documents, stated that the document does not

---

[1] The Court notes that there is no Fed. R. Civ. P. 34(D) or 34 (d).  The Court assumes that Plaintiff is referring to Fed. R. Civ. P. 34(b)(2)(C) which requires the responding party to state whether any responsive materials are being withheld on the basis of a stated objection.

exist, or promised to produce any additional relevant non-privileged responsive documents. Id. at 5. Defendant notes that it provided fourteen supplemental responses including a statement that "Defendant believes it is producing all responsive documents it is aware of at this time in response to these Requests." Id. at 4. Defendant states that Plaintiff's proposed blanket statement is not applicable to all of its responses, that Defendant should not have to supplement responses not specifically raised in Plaintiff's motion to compel, and that Plaintiff can confirm through Defendant's deponents that Defendant has produced all responsive documents in its possession. Id. at 7-8.

Plaintiff replies that the request is not unfair or burdensome as Defendant should have complied with the requirements of Fed. R. Civ. P. 34(d) from the very beginning. Reply at 4. In addition, Plaintiff is not asking for a supplemental response for each RFP and would accept a one-for-all, single-page, single-sentence, supplemental response for all 72 RFPs. Id. at 3-4. Plaintiff notes that Defendant should not be permitted to conduct discovery on a rolling basis as it has been and that Defendant's assertion that it has already supplemented all nonduplicative requests is incorrect as Defendant failed to supplement any of the responses regarding its policies and procedures. Id. at 5. In addition, Plaintiff argues that Defendant has claimed privilege in at least two RFP responses, but has failed to provide a privilege log. Id. at 5-6. Plaintiff notes that she is aware of eleven responsive screenshots Defendant has withheld related to credit reporting or identity theft. Id. at 4.

"The 2015 Amendment to Rule 34(b)(2)(C) requires the responding party to state whether any responsive materials are being withheld on the basis of a stated objection. Fed.R.Civ.P. 34(b)(2)(C). Rule 26(g)(1)(A) provides that by signing a document the parties and/or attorney 'certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry' that the response is complete and correct. Fed.R.Civ.P. 26(g)(1)(A)." Kellgren v. Petco Animal Supplies, Inc., 2016 WL 4097521, at *3 (S.D. Cal. May 26, 2016) (citing Fed.R.Civ.P. 34(b)(2)(B)–(C) advisory committee's notes (2015)) (stating that Rule 34(b)(2)(B) was amended to "eliminate any doubt that less specific objections might be suitable under Rule 34," and noting the "specificity of the objection ties to the new provision in

5

Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection.")).

Plaintiff's request to compel supplemental responses in accordance with Fed. R. Civ. P. (34)(b)(2)(C) or, in the alternative, for a single sentence supplemental response applicable to all 72 RFPs at issue, is **GRANTED IN PART AND DENIED IN PART**.

Defendant did not supplement its responses to RFP Nos. 1, 6-7, 14-24, 34-48, and 52-54, and 56-62, 64, 66-71. Sinnett Decl. at Exh. 2; see also Oppo. at 4 ("Credit One addressed all requests and also provided 14 supplemental responses"). The responses to these RFPs contain numerous objections and none of the responses clearly state whether any documents are being withheld on the basis of those objections. Sinnett Decl. at Exh. 1. As such, the responses do not comply with the requirements of Fed. R. Civ. P. 34(b)(2)(C). Accordingly, Plaintiff's request to compel supplemental responses to RFP Nos. 1, 6-7, 14-24, 34-48, and 52-54, and 56-62, 64, 66-71 is **GRANTED.** On or before **May 10, 2019**, Defendant must supplement these responses to comply with Fed. R. Civ. P. 34(b)(2)(C) by clearly stating whether any responsive documents are being withheld and, if so, the basis of the withholding. If Defendant is withholding documents based on privilege, Defendant must provide an appropriate privilege log by **May 10, 2019.**

With respect to RFP Nos. 2-5, 8-13, 25-28, 49-51, 55, 63, and 65 Defendant provided one supplemental response for all of the RFPs stating "Defendant believes it is producing all responsive documents it is aware of at this time in response to these Requests." Sinnett Decl. at Exh. 2; see also Oppo. at 4-5. The Court finds Defendant's supplemental response for RFP Nos. 2-5, 8-13, 25-28, 49-51, 55, 63, and 65 to be sufficient. Accordingly, Plaintiff's request to compel supplemental responses to these RFPs is **DENIED**.

Regarding RFP No. 72, Defendant supplemented its response by directing Plaintiff to previously produced documents. Sinnett Decl. at Exh. 2. This response is insufficient pursuant to Fed. R. Civ. P. 34(b)(2)(C). While Defendant directs Plaintiff to specific documents, Defendant also makes several general and specific objections making it unclear if the identified documents are the only responsive documents or if Defendant is withholding any additional documents

pursuant to its objections. Because Defendant does not clearly state that it has produced all responsive documents or identify documents it is withholding pursuant to its objections, Plaintiff's request to compel supplemental responses to RFP No. 72 in accordance with Fed. R. Civ. P. 34(b)(2)(C) is **GRANTED**. Defendant must supplement this response by **May 10, 2019.**

With respect to RFP Nos. 31-33, Plaintiff's request is **DENIED**. Defendant supplemented its response to each of those RFPs and ended the supplemental responses by stating that "[a]fter a diligent search an inquiry, Defendant does not have responsive documents." Sinnett Decl. at Exh. 2. This statement satisfies the requirements of Fed. R. Civ. P. 34(b)(2)(C). See Alexis v. Rogers, 2017 WL 1073404, at *6-*8 (S.D. Cal. Mar. 21, 2017) (citing Thomas v. Saafir, 2007 WL 1063474, at *2 (N.D. Cal. Apr. 9, 2007) (finding that a party's supplemental response stating that a "diligent search and reasonable inquiry of all available sources" was conducted, that the party could not locate the requested documents, and that as a result, the requested documents were not in the party's "possession, custody or control" satisfied the party's obligation under Rule 34); and (Searock v. Stripling, 736 F.2d 650, 654 (11th Cir. 1984) (finding that defendant's statement as to "inability, after a good faith effort, to obtain" requested documents satisfied Rule 34))).

  B. <u>Policies and Procedures</u>

Plaintiff requested the production of Defendant's policies and procedures regarding identity theft and credit reporting. MTC at 7. Defendant produced some responsive documents, but Plaintiff complains that the documents are improperly redacted. Id. Plaintiff argues that Defendant cannot redact irrelevant information and if the redactions are based on privilege, Defendant must provide a privilege log. Id. at 8. Plaintiff notes that some of the produced policies and procedures had several pages removed and withheld by Defendant prior to production. Id. Plaintiff seeks an order compelling "the production of *all* unredacted documents responsive to Plaintiff's requests regarding Defendant's policies and procedures or at the very least, a privilege log detailing the nature of the material redacted." Id. at 7 (emphasis in original). Plaintiff argues that the policies and procedures are relevant as Defendant has placed them directly at issue with its bona fide error defense. Id. at 9. Additionally, Plaintiff argues

that the policies and procedures are not confidential, proprietary, or subject to a claim of privilege and notes that regardless, there is a protective order in this case to protect such information.  Id. at 10.

Defendant contends that policies related to identity theft are irrelevant because there is no identity theft claim alleged against it and that Plaintiff's motion should be denied.  Oppo. at 6.  Defendant notes that the claims asserted against it are for violations of the CCRAA and FCRA, not CITA and that the claims against it focus exclusively on Defendant's credit reporting policies.  Id.  Defendant also contends that the redactions are limited to confidential customer information and references to Defendant's "computer pathways, electronic passwords, or policies immaterial to the allegations" and as such, the redactions should stand.  Id. at 7.

Plaintiff replies that documents relating to the policies and procedures surrounding identity theft are relevant because Plaintiff's FRCA and CCRAA claims "directly implicate Defendant's identity theft policies and procedures."  Reply at 6.  The allegation that Defendant should have known that the information it reported was inaccurate "stems from Defendant's policies and procedures regarding identity theft."  Id.  Plaintiff notes that Defendant did not submit a privilege log as required under the Federal Rules and that it redactions are improper.  Id. at 6-8.

Policies and procedures regarding identity theft are relevant under Fed. R. Civ. P. 26 given Plaintiff's allegations. Accordingly, Plaintiff's motion to compel production of all unredacted documents responsive to Plaintiff's requests regarding Defendant's policies and procedures is **GRANTED** and Defendant must produce the unredacted responsive documents on or before **May 10, 2019**.  If Defendant is redacting or withholding documents based on privilege, it must produce a privilege log on or before **May 10, 2019**.  See Fed. R. Civ. P. 26(b)(5)(A)(i-ii); see also Terry v. Register Tapes Unlimited, Inc., 2018 WL 3207892, at *6 (E.D. Cal. June 29, 2018) ("[d]ocuments which are redacted based on privilege must be accounted for in a privilege log").  Defendant is not permitted to redact responsive documents for relevancy purposes.  See ARISTIDES FRANCISCO, Plaintiff, v. EMERITUS CORPORATION, et al., Defendants. Additional Party Names: Brookdale Senior Living Communities, 2017 WL 11036693, at *5–6 (C.D. Cal.,

Sept. 5, 2017) (noting that "the Federal Rules of Civil Procedure do not grant parties the power to unilaterally redact information on the basis of relevance" and that "a party seeking the power to unilaterally redact documents for relevance should request leave to redact those portions that the party contends are irrelevant" as "courts view 'documents' as relevant or irrelevant; courts do not, as a matter of practice, weigh the relevance of particular pictures, graphics, paragraphs, sentences, or words, except to the extent that if one part of a document is relevant then the entire document is relevant for the purposes of Fed. R. Civ. P. 34") (quoting <u>Bartholomew v. Avalon Capital Grp., Inc.</u>, 278 F.R.D. 441, 451–52 (D. Minn. 2011)). Defendant is permitted to redact only the personal identifying information of customers other than Plaintiff (such as addresses, phone numbers, social security numbers, passwords, and birthdates).

      C.    <u>Defendant's Credit Reporting</u>

      Plaintiff propounded two RFPs seeking information about Defendant Credit One's credit reporting. MTC at 11. RFP No. 29 sought

> all DOCUMENTS which set forth or demonstrate the information that YOU have REPORTED within the last three (3) years from the date of these requests RELATING TO PLAINTIFF.

<u>Id.</u> at 11. Defendant Credit One objected to the request

> on the grounds that it is vague and ambiguous. Defendant further objects to this Request as overbroad, unduly burdensome, oppressive and harassing. Defendant also objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this Request to the extent it seeks confidential or proprietary business information. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce relevant and non-privileged documents responsive to this Request to the extent they exist and are in the custody, possession and control of Defendant. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant refers Plaintiff to previously produced documents Bates labeled CO 00015- CO 00024.

<u>Id.</u> at 11-12. RFP No. 30 sought

all DOCUMENTS which set forth or demonstrate the information that YOU have REPORTED within the last three (3) years from the date of these requests RELATING TO the CREDIT ONE DEBT.

<u>Id.</u> at 12. Defendant Credit One objected to the request

on the grounds that it is vague and ambiguous. Defendant further objects to this Request as overbroad, unduly burdensome, oppressive and harassing. Defendant also objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this Request to the extent it seeks confidential or proprietary business information. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant refers Plaintiff to previously produced documents Bates labeled CO 00001 – CO 00010, and CO 00015-CO 00024.

<u>Id.</u>

Plaintiff argues that the information Defendant reported to credit reporting agencies regarding Plaintiff and the debt is relevant because this is a credit reporting case. <u>Id.</u> at 13. Further, Plaintiff argues that she knows Defendant reported information about Plaintiff to one or more credit reporting agencies at least seven times. <u>Id.</u> at 13-14; <u>see also</u> Sinnett Decl. at Exh. 3 and ECF No. 104-1, Reply Declaration of Wayne A. Sinnett in Support of Plaintiff's Motion to Compel ("Sinnett Decl.") ¶ 2. Plaintiff alleges that Defendant is withholding the requested documents in an attempt to avoid paying per violation damages. <u>Id.</u> at 14. Plaintiff further argues that the credit reporting information is not confidential or proprietary information and that even if it were, there is a protective order in this case that can protect any such information. <u>Id.</u> at 14-15.

Defendant contends that Plaintiff's motion on this issue is moot as it has produced responsive documents. Oppo. at 5-6. Specifically, Defendant contends that it "has produced documents labeled CO 00001-CO 000153, which constitute Credit One's documents regarding the debt at issue in this action, including documents related to credit report of the subject account" and that it "has not identified any additional documents relating to Plaintiff's account."

18cv971-JLS(BLM)

<u>Id.</u> at 3; <u>see</u> <u>also</u> ECF No. 97-1, Declaration of Ben Mohandesi in Opposition to Plaintiff's Motion to Compel ("Mohandesi Decl.") at ¶ 5. Defendant notes that its response is not invalidated simply because it also included objections. Oppo. at 6.

Plaintiff's reply does not appear to specifically address RFP Nos. 29-30, but does state that she is aware of approximately eleven specific screenshots that Defendant has chosen to withhold related to credit reporting and that these eleven screenshots are relevant and available to Defendant. Reply at 4.

Plaintiff's requests seek relevant information. Despite Defendant's statement that it "believes it is producing all responsive documents it is aware of at this time in response to these Requests[,]" it is not clear that Defendant has in fact produced all responsive documents. Accordingly, Plaintiff's motion as to RFP Nos. 29 and 30 is **GRANTED**. Defendant is **ORDERED** to produce all documents described in both RFPs including all reports to and other correspondence with credit reporting agencies regarding Plaintiff or the identified debt. If Defendant does not have any additional responsive documents, it must clearly notify Plaintiff of that fact.

///
///
///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

Plaintiff's request to compel supplemental responses to RFP Nos. 1, 6-7, 14-24, 34-48, 52-54, 56-62, 64, and 66-72 is **GRANTED**. Defendant must supplement its responses on or before **May 10, 2019**.

Plaintiff's request to compel supplemental responses to RFP Nos. 2-5, 8-13, 25-28, 31-33, 49-51, 55, 63, and 65 is **DENIED**.

Plaintiff's motion to compel further response to RFPs regarding Defendant's policies and procedures is **GRANTED**.

Plaintiff's motion to compel further responses to RFPs No. 29 and 30 regarding Defendant credit reporting is **GRANTED**.

**IT IS SO ORDERED**.

Dated: 4/26/2019

Hon. Barbara L. Major
United States Magistrate Judge