UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN CACCAMISE,<br><br>                        Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A., et al.,<br><br>                      Defendants. | Case No.: 18cv971-JLS(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT LVNV FUNDING, LLC**<br><br>**[ECF No. 94]** |

Currently before the Court is Plaintiff's March 18, 2019 Motion to Compel [ECF No. 94-1 ("MTC")], Defendant LVNV Funding, LLC's March 25, 2019 opposition [ECF No. 96 ("Oppo.")], and Plaintiff's March 29, 2019 Reply [ECF No. 105 ("Reply")].

## **COMPLAINT ALLEGATIONS**

Plaintiff initiated the instant matter on May 16, 2018 when she filed a complaint for damages and injunctive relief for violations of the California Identity Theft Act ("CITA"), the Fair Debt Collection and Practices Act ("FDCPA"), the California Consumer Credit Reporting Agencies Act ("CCRAA"), and the Fair Credit Reporting Act ("FCRA"). ECF No. 1. Plaintiff named several Defendants in her complaint including Credit One Bank, N.A., LVNV Funding, LLC, Monetary Management of California, Inc., Kohl's Department Stores, Inc., TD Bank USA, N.A., Bluestem Brands, Inc., WebBank, Inc., First Premier Bank, Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC. Id.

Plaintiff's identity was stolen in 2017. Id. at 2. The thief, Jacqueline Rae Murphy aka Jackie Martinez, was arrested, charged, and convicted on felony counts of California Penal Code

section 530.5. Id. After finding a Kohl's credit card and Credit One Visa with Plaintiff's name in Ms. Murphy's possession, the La Mesa Police Department contacted Plaintiff and informed her that she was the victim of identity theft. Id. Plaintiff immediately checked her credit and began disputing the numerous fraudulent accounts and credit inquiries that she found. Id. Plaintiff alleges Defendants failed to investigate Plaintiff's claims and have continued to pursue the debts and report derogatory information on her credit. Id.

Defendant Credit One sold Plaintiff's debt account to Defendant LVNV on January 17, 2018. Id. at 12. Prior to the sale, Plaintiff informed Defendant Credit One of her identity theft and provided them with a copy of the related police report. Id. When Defendant LVNV purchased the account, "LVNV took assignment of the Credit One Account subject to all claims and defenses." Id. Plaintiff alleges that in May 2018, Defendant LVNV provided multiple consumer credit reporting agencies with derogatory information. Id. She further alleges that LVNV "knew or should have known the information they reported was inaccurate as (i) LVNV was provided four (4) written disputes and a copy of the police report which specifically identified the Credit One Account (by account number) as being fraudulently opened by MURPHY; and (ii) the account notes from the original creditor identified the Credit One Account as having being disputed on the basis of identity theft." Id.

As of the date of this order, the only remaining Defendants are LVNV Funding, LLC and Credit One Bank, N.A. See Docket.

## RELEVANT DISCOVERY BACKGROUND

Discovery opened on August 31, 2018. ECF No. 68. Plaintiff served Defendants Credit One and LVNV with Requests for Production of Documents and Things ("RFP"), Sets One and Two on October 12, 2018. MTC at 3; see also ECF No. 94-2 Declaration of Wayne A. Sinnett in Support of Plaintiff's Motion to Compel ("Sinnett Decl.") at ¶ 2 and Exhs. 1-2. Both Defendants provided responses to the RFPs that Plaintiff believed were insufficient. Id. After meeting and conferring, Defendants supplemented their responses on February 28, 2019. Id.; see also Sinnett Decl. at Exh. 2. Plaintiff believed that the supplemental responses of both Defendants were still insufficient and on March 8, 2019, counsel for Plaintiff, Crystal Innabi and Wayne

Sinnett, and counsel for Defendants LVNV Funding, LLC and Credit One Bank, N.A., Ben Mohandesi, jointly contacted the Court regarding the dispute. ECF No. 91. On March 11, 2019, the Court issued a briefing schedule for the dispute and the parties timely filed their motion and response. See MTC, Oppo., and Reply.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). If a party withholds discoverable information due to privilege, that party must "expressly make the claim; and [] describe the nature of the documents, communications,

or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i-ii).

## **DISCUSSION**

Plaintiff seeks an order from the Court compelling Defendant LVNV to "produce documents pertaining to: (1) Defendant's lack of compliance with Rule 34(d); (2) Defendant's net worth; and (3) Defendant's credit reporting." MTC at 5. Defendant requests that the Court deny Plaintiff's motion in its entirety and contends that (1) it "has produced all credit reporting documents in its possession, custody, or control[,]" (2) Plaintiff is not entitled to discovery regarding its net worth because there is no claim for punitive damages against LVNV, and (3) many of Plaintiff's RFP requests are duplicative and "do not warrant supplementation." Oppo. at 2-3.

A. Compliance with Fed. R. Civ. P. 34(d)

Plaintiff argues that Defendant LVNV's responses to RFP Nos. 1-73 are insufficient because they do not satisfy the requirements of Fed. R. Civ. P. 34(d). MTC at 5; see also Sinnett Decl. at ¶ 3. Specifically, Plaintiff claims the responses fail to state if documents were withheld pursuant to an objection or claim of privilege as required by Fed. R. Civ. P. 34(d)[1]. Id. In addition, Plaintiff argues that Defendant failed to provide a privilege log despite claiming privilege in the majority of its RFP responses. Id. at 5-6.

Defendant contends that many of Plaintiff's RFPs are duplicative and that it has already provided supplemental responses to the nonduplicative requests. Oppo. at 4. Defendant also contends that it has not withheld any documents based on privilege and in its supplemental responses referred Plaintiff to previously produced relevant documents or stated that the document does not exist. Id. at 5; see also ECF No. 96-1, Declaration of Ben Mohandesi in Support of Opposition to Plaintiff's Motion to Compel ("Mohandesi Decl.") at ¶ 4. For RFPs 2-5,

---

[1] The Court notes that there is no Fed. R. Civ. P. 34(D) or 34(d). The Court assumes that Plaintiff is referring to Fed. R. Civ. P. 34(b)(2)(C) which requires the responding party to state whether any responsive materials are being withheld on the basis of a stated objection.

4

7-11, 31-32, 35-36, 38-40, 58-60 and 63, Defendant stated that it was "producing all responsive documents it is aware of at this time in response to these Requests." Id. Defendant states that Plaintiff's proposed blanket statement is not applicable to all of its responses and that Defendant should not have to supplement responses to RFPs not specifically addressed in Plaintiff's motion to compel. Id. at 7.

Plaintiff replies that the request is not unfair or burdensome as Defendant should have complied with the requirements of Fed. R. Civ. P. 34(d) from the very beginning. Reply at 4. In addition, Plaintiff is not asking for a supplemental response for each RFP and would accept

> a one-for-all, single-page, single-sentence, supplemental response stating: Defendant has produced **all** responsive documents within Defendant's possession and control. Defendant has not withheld any documents on the basis of privilege, with the exception of those documents identified and described in Defendant's privilege log.

Id. (emphasis in original). Plaintiff notes that Defendant should not be permitted to conduct discovery on a rolling basis as it has been and that Defendant's assertion that it has already supplemented all nonduplicative requests is incorrect as Defendant failed to supplement any of the responses regarding its net worth. Id. at 5. In addition, Plaintiff argues that Defendant has claimed privilege in at least five RFP responses, but has failed to provide a privilege log. Id.

"The 2015 Amendment to Rule 34(b)(2)(C) requires the responding party to state whether any responsive materials are being withheld on the basis of a stated objection. Fed.R.Civ.P. 34(b)(2)(C). Rule 26(g)(1)(A) provides that by signing a document the parties and/or attorney 'certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry' that the response is complete and correct. Fed.R.Civ.P. 26(g)(1)(A)." Kellgren v. Petco Animal Supplies, Inc., 2016 WL 4097521, at *3 (S.D. Cal. May 26, 2016) (citing Fed.R.Civ.P. 34(b)(2)(B)–(C) advisory committee's notes (2015)) (stating that Rule 34(b)(2)(B) was amended to "eliminate any doubt that less specific objections might be suitable under Rule 34," and noting the "specificity of the objection ties to the new provision in

Rule 34(b)(2)(C) directing that an objection must state whether any responsive materials are being withheld on the basis of that objection.")).

Plaintiff's request to compel supplemental responses in accordance with Fed. R. Civ. P. 34(b)(2)(C) or, in the alternative, for a single sentence supplemental response applicable to all 73 RFPs at issue, is **GRANTED IN PART AND DENIED IN PART**.

Defendant did not supplement its responses to RFP Nos. 1, 6, 12-25, 34, 37, 44-48, 61-62, 64-65, and 72-73. Sinnett Decl. at Exh. 2; see also Oppo. at 4 (LVNV "provided 22 supplemental responses."). The responses to all of these RFPs contain numerous objections and none of the responses clearly state whether any documents are being withheld on the basis of those objections. Sinnett Decl. at Exh. 1. As such, the responses do no comply with the requirements of Fed. R. Civ. P. 34(b)(2)(C). The responses to RFP Nos. 13-21 state "[a]fter a diligent search and inquiry, Defendant is unaware of responsive non-privileged documents in its possession, custody, or control." Sinnett Decl. at Exh. 1. A response that a defendant has conducted a diligent search, but has no responsive documents has been found to satisfy the requirements of Fed. R. Civ. P. 34(b)(2)(C). See Alexis v. Rogers, 2017 WL 1073404, at *6-*8 (S.D. Cal. Mar. 21, 2017) (citing Thomas v. Saafir, 2007 WL 1063474, at *2 (N.D. Cal. Apr. 9, 2007) (finding that a party's supplemental response stating that a "diligent search and reasonable inquiry of all available sources" was conducted, that the party could not locate the requested documents, and that as a result, the requested documents were not in the party's "possession, custody or control" satisfied the party's obligation under Rule 34); and (Searock v. Stripling, 736 F.2d 650, 654 (11th Cir. 1984) (finding that defendant's statement as to "inability, after a good faith effort, to obtain" requested documents satisfied Rule 34))). Here, Defendant's response is insufficient in two aspects. First, Defendant limits its response by stating that it is "unaware of responsive" documents. This phrase is unclear. If Defendant has conducted a "diligent search and inquiry" as it states, and no responsive documents were found, Defendant should so state. Second, Defendant limits its response to non-privileged documents. Id. Defendant must state whether any documents are being withheld for privilege. Defendant stated in its opposition that "[a]s of the date of this opposition, however, there have been no

6

documents withheld from LVNV's production based on privilege" and promises to produce a privilege log "[i]f LVNV finds it necessary to withhold any responsive documents due to attorney-client privilege." Oppo. at 5; see also Mohandesi Decl. at ¶ 4. This clarification is not in the verified discovery responses and improperly enables Defendant to produce a privilege log of responsive documents at any time in the future despite the fact that the discovery was propounded in October. Accordingly, Plaintiff's request to compel supplemental responses to RFP Nos. 1, 6, 12-25, 34, 37, 44-48, 61-62, 64-65, and 72-73 is **GRANTED**. On or before **May 10, 2019**, Defendant must supplement its responses to the identified RFPs to state that 1) a diligent search and reasonable inquiry was conducted and no responsive documents were found, 2) a diligent search and reasonable inquiry was conducted and all responsive documents were produced, or 3) a diligent search and reasonable inquiry was conducted and responsive documents were withheld and the basis of the withholding must be clearly identified. If a document is withheld based on privilege, Defendant must also provide a privilege log by **May 10, 2019**.

With respect to RFP Nos. 2-5, 7-11, 31-32, 35-36, 38-40, 58-60, and 63 Defendant provided one supplemental response for all of the RFPs stating "Defendant believes it is producing all responsive documents it is aware of at this time in response to these Requests." Id. Sinnett Decl. at Exh. 2; see also Oppo. at 4-5. The Court finds Defendant's supplemental response for RFP Nos. 2-5, 7-11, 31-32, 35-36, 38-40, 58-60, and 63 to be sufficient. Accordingly, Plaintiff's request to compel supplemental responses to these RFPs is **DENIED**.

With respect to RFP Nos. 26-30, 41-43, and 49-57, Plaintiff's request is **DENIED**. Defendant supplemented its response to each of those RFPs and ended the supplemental responses by stating that "[a]fter a diligent search and inquiry, Defendant does not have responsive documents." Sinnett Decl. at Exh. 2. This statement satisfies the requirements of Fed. R. Civ. P. 34(b)(2)(C). See Alexis v. Rogers, 2017 WL 1073404, at *6-*8 (citing Thomas, 2007 WL 1063474, at *2) and (Searock, 736 F.2d 650, 654).

Regarding RFP No. 33 Defendant supplemented its response by directing Plaintiff towards previously produced documents. Sinnett Decl. at Exh. 2. Specifically, Defendant's supplemental

7

response to RFP No. 33 ends with "Defendant refers Plaintiff to previously produced documents Bates labeled LVNV 00011-LVNL 00012." Id. This response is insufficient pursuant to Fed. R. Civ. P. 34(b)(2)(C). While Defendant directs Plaintiff towards two specific documents, Defendant also makes several general and specific objections making it unclear if the two identified documents are the only responsive documents or if Defendant is withholding any additional documents pursuant to its objections. Because Defendant does not clearly state that it has produced all responsive documents, that after a diligent search and reasonable inquiry no additional responsive, non-privileged documents were found, or identify documents it is withholding pursuant to its objections, Plaintiff's request to compel supplemental responses to RFP No. 33 in accordance with Fed. R. Civ. P. 34(b)(2)(C) is **GRANTED**. Defendant must supplement this response by **May 10, 2019.**

The Court will address RFP Nos. 66-71 which concern Defendant's net worth in the following section.

B. Defendant's Net Worth

Plaintiff propounded RFPs seeking information about Defendant LVNV's net worth. MTC at 6; see also Sinnett Decl. at Exh. 1. Those RFPs are best summarized by RFP No. 66 which sought "all DOCUMENTS which show YOUR net worth and financial condition under generally accepted accounting principles i.e. 'GAAP'" and RFP No. 68 which sought "all DOCUMENTS which establish YOUR net worth and financial condition as defined by Jury Instruction 5.5 of the Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2007)." Id. at 7; see also Sinnett Decl. at Exh. 1. Defendant LVNV responded to both RFPs by objecting that the requests (1) were "vague, ambiguous and unintelligible[,]" (2) "contain[ed] subparts and is compound[,]" (3) were "overbroad, unduly burdensome, oppressive and harassing[,]" (4) sought irrelevant and confidential or proprietary information, (4) exceeded the scope of permissible discovery by calling for information that is pre-mature, and (6) were not proportional to the needs of the case. Id. Plaintiff argues that Defendant's net worth is relevant to the question of punitive damages. MTC at 9. Plaintiff further argues that Defendant's net worth is not confidential or

proprietary information and that even if it were, there is a protective order in this case that can protect any such information. Id. at 10-11.

Defendant contends that Plaintiff is not entitled to obtain documents regarding its net worth because there is no claim for punitive damages against Defendant. Oppo. at 6.

Plaintiff replies that Defendant's position is unfounded because Plaintiff asserted CCRAA claims against Defendant LVNV and the CCRAA entitles Plaintiff to punitive damages. Reply at 6 (citing Complaint at 32).

In her complaint, Plaintiff alleges that Defendant LVNV violated the CCRAA or Cal. Civ. Code § 1785. ECF No. 1 at 29-30. In her prayer for relief, Plaintiff seeks

> An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A); An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

Id. at 33. Cal. Civ. Code § 1785.31(a)(2)(B) states

> (a) Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:
>
> . . .
>
> (2) In the case of a willful violation: . . . (B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper

Cal. Civ. Code § 1785.31 (West); see also Grigoryan v. Experian Info. Sols., Inc., 84 F. Supp. 3d 1044, 1091 (C.D. Cal. 2014) ("[u]nder the CCRAA, Grigoryan can recover actual damages and punitive damages of not less than $100 and not more than $5,000 per willful violation.") (citing Cal. Civ. Code § 1785.31(a)(2)(A)-(B)). Accordingly, the Court finds that Plaintiff has alleged a claim for punitive damages against Defendant LVNV pursuant to the CCRAA.

While Plaintiff has alleged a claim for punitive damages against Defendant LVNV, the

requested punitive damages are based on the number of violations and whether each violation was willful, not Defendant's net worth. As a result, Defendant's net worth is not relevant to Plaintiff's requested damages.

Plaintiff cites to Todd v. AT&T Corp., 2017 WL 1398271, at *1 (N.D. Cal. Apr. 19, 2017), in support of her position. The court in Todd permitted discovery of a defendant's net worth as relevant to plaintiff's claim of punitive damages for violation of the FCRA. Id. at *2. Under the FCRA, a consumer may recover "such amount of punitive damages as the court may allow." 15 U.S.C.A. § 1681n. Because FCRA punitive damages may be based on a Defendant's net worth whereas CCRAA punitive damages are not, the Todd reasoning is inapplicable to this case. Because Plaintiff is proceeding as an individual and not on behalf of a class[2] and CCRAA punitive damages are not based on net worth, discovery regarding Defendant's net worth is not relevant to claims in this case. Plaintiff has not provided any law or case cites supporting her position that Defendant's net worth is relevant to punitive damage claims under the CCRAA.[3] Accordingly, Plaintiff's motion to compel discovery responses regarding Defendant's net worth is **DENIED**.

///

---

[2] Under the CCRAA, when there are class allegations, punitive damages are not capped as they are for individual actions. See Cal. Civ. Code § 1785.31(c) ("[n]otwithstanding any other provision of this section, any person who willfully violates any requirement imposed under this title may be liable for punitive damages in the case of a class action, in an amount that the court may allow. In determining the amount of award in any class action, the court shall consider among relevant factors the amount of any actual damages awarded, the frequency of the violations, the resources of the violator and the number of persons adversely affected.").

[3] While the Court is aware that the "Ninth Circuit is silent regarding whether a statutory cap on punitive damages precludes discovery of financial information," and that other courts have permitted discovery into a defendant's net worth even where the punitive damages were statutorily capped, the Court does not find the net worth discovery to be relevant in this case. Coachman v. Seattle Auto Mgmt. Inc., 2018 WL 1640893 (W.D. Wash. Apr. 5, 2018) (permitting discovery of defendant's financial records "regardless of the fact that punitive damages are capped under the ADA" in part because pursuant to 42 U.S.C. 1981a(c)(2) which "applies in the context of disability claims brought under the ADA[,]" juries are "restricted from knowing limits on punitive damages.").

C. Defendant's Credit Reporting

Plaintiff propounded two RFPs seeking information about Defendant LVNV's credit reporting. MTC at 11. Defendant LVNV contends that it "produced all credit reporting documents in its possession, custody, or control" which was confirmed by its person most knowledgeable on March 18, 2019 during the Fed. R. Civ. P. 30(b)(6) deposition. Oppp. at 2-3; see also Mohandesi Decl. at ¶ 3. Plaintiff agrees that on March 19, 2019, the day after filing her motion to compel, she was able "to confirm through LVNV's 30(b)(6) witness, that Defendant had in fact provided Plaintiff all responsive documents regarding Defendant's credit reporting." Reply at 3. Plaintiff therefore withdraws her motion to compel as it relates to Defendant's credit reporting. Id. Accordingly, the Court need not rule on this issue.

**CONCLUSION**

Plaintiff's request to compel supplemental responses to RFP Nos. 1, 6, 12-25, 33-34, 37, 44-48, 61-62, 64-65, and 72-73 is **GRANTED**. Defendant must supplement its responses on or before **May 10, 2019**.

Plaintiff's request to compel supplemental responses to RFP Nos. RFP Nos. 2-5, 7-11, 26-32, 35-36, 38-43, 49-60, and 63 is **DENIED**.

Plaintiff's motion to compel further response to RFP Nos. 66-71 regarding Defendant's net worth is **DENIED**.

Plaintiff's motion to compel further response regarding Defendant LVNV's credit reporting is withdrawn.

**IT IS SO ORDERED**.

Dated: 4/26/2019

Hon. Barbara L. Major
United States Magistrate Judge